WILLIAM L. SMITH
Cal State Bar No. 324235
**ANAPOL WEISS**
6060 Center Drive, 10th Floor
Los Angeles, CA 90045
Telephone: (202) 780-3014
Facsimile: (202) 780-3678
Email: wsmith@anapolweiss.com

RICHARD M. GOLOMB, ESQUIRE *(Pro Hac Vice Forthcoming)*
KEVIN W. FAY, ESQUIRE *(Pro Hac Vice Forthcoming)*
D. PATRICK HUYETT, ESQUIRE (*Pro Hac Vice Forthcoming*)
**ANAPOL WEISS**
One Logan Square
130 N. 18th Street, #1600
Philadelphia, PA 19103
Telephone: (215) 985-9177
Email: rgolomb@anapolweiss.com
Email: kfay@anapolweiss.com
Email: phuyett@anapolweiss.com

*Counsel for Plaintiffs and Proposed Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| KEVIN SMITH and SHERI TARVIN,<br><br>individually and on behalf of all others similarly situated, and the general public,<br><br>      *Plaintiffs,*<br><br>  v.<br><br>TRIPLE LEAF TEA, INC.<br>and JOHN DOES 1-100<br><br>      *Defendants*. | Case No.<br>Class Action<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL:**<br><br>1. **VIOLATION OF CALIFORNIA CONSUMER LEGAL REMEDIES ACT [CIV CODE §§ 1750, *et seq.*];**<br>2. **VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW [BUS. & PROF. CODE §§ 17200, *et seq.*];**<br>3. **BREACH OF EXPRESS WARRANTY;**<br>4. **BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY.** |

- 1 -

## Table of Contents

I.  Introduction. ................................................................................................ - 3 -

II.  Parties. ..................................................................................................... - 3 -

III.  Jurisdiction and Venue. ............................................................................ - 4 -

IV.  Facts ...................................................................................................... - 4 -

V.  Class action allegations. .......................................................................... - 9 -

Nationwide Class: ......................................................................................... - 9 -

California Sub-class: ..................................................................................... - 9 -

VI.  Claims .................................................................................................. - 12 -

    Count One .............................................................................................. - 12 -

    Violation of the Consumers Legal Remedies Act, Civil Code §§ 17500, *et seq.* ..................... - 12 -

    Count Two .............................................................................................. - 13 -

    Violation of Unfair Competition Law (UCL), Bus. & Prof. Code § 17200, *et seq.* ................. - 13 -

    Count Three ........................................................................................... - 16 -

    Violation of Bus. & Prof. Code 17500, *et seq.* (False Advertising Law) ......................... - 16 -

    Count Four ............................................................................................. - 17 -

    Breach of Express Warranty ....................................................................... - 17 -

    Count Five ............................................................................................. - 17 -

    Breach of Implied Warranty of Merchantability ........................................... - 17 -

VII.  Prayer for Relief. ................................................................................ - 18 -

VIII.  Jury Demand ...................................................................................... - 18 -

COMPLAINT AND JURY DEMAND

## I.   Introduction.

1.    Defendant Triple Leaf Tea, Inc. ("Defendant" or "Triple Leaf") sells herbal teas advertising that the teas promote healthy liver function, when in fact, the teas contain ingredients that can harm the liver.

2.    This is a consumer protection class action lawsuit brought by Plaintiffs on behalf of purchasers of Triple Leaf brand products and the general public.

3.    Defendant falsely advertises certain of its tea products by putting deceptive and misleading claims on the label. Specifically, the labeling states that the products contain "Potent Chinese purification herbs" that are "used to support the healthy function of the liver, kidneys, lungs and blood."

4.    These statements convey the message that the products are good for the liver, but this is not accurate. For some who consume Defendant's tea according to its express instructions, it can harm the liver.

5.    Defendant falsely markets "Detox Tea," "Herbal Laxative Tea," "Sugar Balance Tea," "Blood Pressure Tea," "Cold & Flu Time Tea," "Horny Goat Weed Tea," and "Gingko & Decaf Green Tea" (hereafter the "Product" or "Products") as being good for the liver.

6.    This class action seeks to put an end to Defendant's illegal advertising practices and hold Defendant accountable for the damages it has caused and continues to cause.

## II.   Parties.

7.    Plaintiff Kevin Smith is a citizen of California. He is domiciled in Oakland, California. He has been a customer of Triple Leaf Tea from approximately 2018 to 2024. He bought the Detox Tea and other Products numerous times since 2018. He purchased the Products online through Amazon and in person at retailers such as Whole Foods. He has read the label, and specifically the instructions for suggested use of the Products.

8.    Plaintiff Sheri Tarvin is a citizen of California. She is domiciled in Los Angeles, California. She has been a customer of Triple Leaf Tea from approximately 2015 to 2024. She bought Detox Tea and other Products numerous times since 2015. She purchased the Products online through Amazon and in person at retailers including Ross, DD's, and CVS. She has read the label and specifically the instructions for suggested use of the Products.

9.      Defendant, Triple Leaf Tea, Inc. is a California corporation with its principal place of business located at 1564 Rollins Road, Suite 1, Burlingame, CA 94010. At all times relevant herein, Defendant Triple Leaf advertised, marketed, distributed, and sold mixtures of botanicals, in tea bags, for the preparation of herbal teas. In particular, Defendant advertised, marketed and distributed the Products, transacting business in this county and throughout the United States.

**III.    Jurisdiction and Venue.**

10.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as amended by the Class Action Fairness Act of 2005, as a matter in controversy that exceeds the sum or value of $5,000,000, exclusive of interest and costs. On information and belief, more than two-thirds of the members of the class are citizens of a state different from the Defendant. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

11.      Personal jurisdiction derives from the fact that Defendant Triple Leaf Tea is incorporated in California, maintains its principal place of business in California, and conducts business within the State of California and within this judicial district.

12.      Venue is proper within this district pursuant to 28 U.S.C. § 1391(b)(2) because many of the acts and transactions occurred in this district and because Defendant:

   a)  Is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district through the promotion, marketing, distribution, and sale of its products in this district;

   b)  Does substantial business in this district;

   c)  Advertises to consumers residing in this district; and

   d)  Is subject to personal jurisdiction in this district.

**IV.    Facts**

13.      Defendant Triple Leaf Tea is responsible for the formulation, manufacturing, marketing, naming, advertising, and sale of its products, including the Products, that are sold in retail stores and online throughout the United States of America.

14.      For approximately the past ten years, Defendant has engaged in false and misleading advertising regarding the Products to gain a competitive edge in the market, all at the expense of unsuspecting consumers.

15.     Specifically, Defendants have marketed the Products as healthy for the liver when in fact the Products cause injury to the liver and/or impairment of liver function.

16.     Moreover, the label on Defendants' Products suggest and instruct that the Product should be consumed every day.

17.     For example, as portrayed below, the presence of Chinese purification herbs in the Detox Tea is central to the Product's identity:



18.     As shown below, the tea box advertises the Product as containing herbs that "help support the healthy function of the liver, kidneys, lungs and blood."

19.     Based on the Product's advertising, reasonable consumers, including the Plaintiffs, purchased the Products with the expectation that the Products are good for the liver.

20.     However, unbeknownst to Plaintiffs and consumers, the Products contain Fo-ti (he shou wu) root and Kudzu (pueraria) root, which are bad for the liver. Indeed, numerous scientific studies show that these roots are hepatotoxic.[1] This is especially true when the Products are consumed at higher doses, which is consistent with how Defendant instructs consumers on how to consume the Products: every day and in combination with other Products.

21.     Thus, extreme caution is required for the consumption of Fo-ti (he shou wu) root and Kudzu (pueraria) root, and products containing these roots, especially when taken in large or frequent doses. *See* fn. 1.

22.     The below screenshot of the Product's labeling shows the suggested instructions for consuming the Product:

23.     Thus, the labels for the Products are deceptive, false and misleading in multiple respects. First, Defendants prominently represent in multiple places that the Product is good for the liver, when in fact, it is not. Second, the label instructs and suggests that the Products should be consumed as much as twice per day, on an indefinite basis. Third, the label instructs and suggests that the Products should be consumed in combination with other Products that contain Fo-ti (he shou wu) root and Kudzu (pueraria) root, which are toxic for the liver.

---

[1] *See, e.g.*, Bounda, et al., *Review of clinical studies of* Polygonum multiflorum *Thunb. and its isolated bioactive compounds*, PHARMACOGNOSY RESEARCH, Vol. 7, Issue 3, at 225-236 (July-Sept. 2015); Lei, et al., *Liver Damage Associated with* Polygonum multiflorum *Thunb.: A Systematic Review of Case Reports and Case Series*, EVIDENCE BASED COMPLEMENTARY AND ALTERNATIVE MEDICINE, Vol. 2015, Article ID 459749; *LiverTox: Clinical and Research Information on Drug-Induced Liver Injury*, Bethesda (MD): National Institute of Diabetes and Digestive and Kidney Diseases; 2012, Polygonum Multiflorum (Updated Aug. 18, 2020); Lin, et al., *Traditional usages, botany, phytochemistry, pharmacology and toxicity of* Polygonum multiflorum *Thunb.: A review*, JOURNAL OF ETHNOPHARMACOLOGY, Vol. 159, at 158-83 (Nov. 18, 2014); Wang, et al., *Evaluation of kudzu root extract-induced hepatotoxicity*, JOURNAL OF ETHNOPHARMACOLOGY, Vol. 176, at 321-26 (Dec. 24, 2015); Kim, et al., *Liver Injury Induced by Herbal Extracts Containing Mistletoe and Kudzu*, THE JOURNAL OF ALTERNATIVE AND COMPLEMENTARY MEDICINE, Vol. 21, No. 3 (March 11, 2015).

24.     The reasonable belief that the Products contain ingredients that are good for the liver was a significant factor in Plaintiff and other class members' decisions to purchase the Products.

25.     Defendant Triple Leaf Tea conceals from consumers the dangers of consuming its Products.

26.     Defendant's marketing and promotion of the Products is supported by false and misleading claims containing material omissions concerning the Products' efficacy as it relates to liver functioning.

27.     As the entity responsible for the development, naming, manufacturing, advertising, distribution and sale of the Products, Defendant Triple Leaf knew or should have known that the Products falsely and deceptively represent to be healthy and good for the liver when the opposite is true.

28.     Defendants knew or should have known that Plaintiff and other consumers, in purchasing the Product, would rely on Defendants' labeling and advertising of the Products. Nonetheless, Defendant deceptively advertises the Product in order to deceive consumers and gain an unfair advantage in the market.

29.     Consumers are willing to pay more for the Products based on the belief that the Products are good for the liver. Plaintiff and other consumers would have paid significantly less for the Products, or would not have purchased the Products at all, had they known the truth about them. Thus, through the use of misleading representations, Defendant commands a price that Plaintiff and Class members would not have paid had they been fully informed.

30.     Therefore, Plaintiff and other consumers purchasing the Products have suffered injury in fact and lost money as a result of Defendants' false and deceptive practices, as described herein.

31.     The experiences of Plaintiffs Smith and Tarvin, as described above, are typical of other customers harmed by Defendant's false advertising.

32.     If Plaintiffs Tarvin and Smith had known that the Products contained ingredients that were not healthy for the liver, they would not have purchased any Products from Defendant, or paid significantly less for them.

33.     Pursuant to the Dietary Supplement Health and Education Act of 1994 ("DSHEA"), dietary supplements are "foods" for the purposes of the Food, Drug, and Cosmetic Act ("FDCA"). 21

U.S.C. § 321(ff). Accordingly, the Products are unlawful misbranded foods where Defendant's product labeling falsely and misleadingly states that the Products are good for the liver. *See* 21 U.S.C. § 343(a).

34.     Moreover, like all reasonable consumers and members of the class, Plaintiffs consider a label's compliance with federal law a material factor in their purchasing decisions. Plaintiffs are generally aware that the federal government carefully regulates packaged food products and diet supplements and therefore has come to trust that information conveyed on these types of products' labels is truthful, accurate, complete, and fully in compliance with the law. As a result, Plaintiffs trust they can compare competing products on the basis of their labeling claims, to make a purchasing decision.

35.     Like all reasonable consumers and members of the class, Plaintiffs would not purchase a product they knew was misbranded under federal law, *see* 21 U.S.C. § 343, which the federal government prohibits selling, *id.* § 331, and which carries with its ale criminal penalties, *id.* § 333. Plaintiffs cannot trust that the label of a product misbranded under the law is truthful, accurate, and complete.

36.     In light of the foregoing, reasonable consumers, including Plaintiffs and other members of the class, were and are likely to be deceived by Defendant's advertising and marketing practices as detailed herein.

37.     Further, Plaintiffs and the Class purchased the Products instead of competing products based on the false statements and misrepresentations described herein.

38.     Instead of receiving a product that had the liver functioning advantages advertised, Plaintiffs and the Class received a product worth much less, or which was worthless, since the Product not only did not work but causes effects opposite to those advertised.

39.     Plaintiffs and the Class lost money as a result of Defendant's deception in that Plaintiffs did not receive what they had paid for.

40.     Plaintiff and the Class altered their position to their detriment and suffered damages in an amount equal to the amount they paid for the Products.

41.     Plaintiffs bring this action on behalf of themselves and all other similarly situated consumers in the United States or, in the alternative, California and states with laws that do not materially differ from California, to halt the dissemination of Defendant's deceptive and false

advertising message about the Products, to correct the false and misleading perception it has created in the minds of consumers, and to compensate the Class members wronged by the Defendant's conduct. Plaintiff alleges violations of the Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, et seq., "CLRA"), Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, et seq.), False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, et seq.), breach of express warranty, and breach of implied warranty.

**V.      Class action allegations.**

42.     Plaintiff brings this action on behalf of a class of similarly situated individuals in accordance with Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure. The Classes are defined as follows:

**Nationwide Class:**

All persons who purchased Defendant's Products (in all packaging sizes and iterations) in the United States for personal or household use.

**California Sub-class:**

All persons who purchased Defendant's Products (in all packaging sizes and iterations) in the state of California for personal or household use.

43.     Excluded from the Class are officers and directors of Defendant, members of the immediate families of the officers and directors of Defendant, and their legal representatives, heirs, successors or assigns and any entity in which they have or have had a controlling interest. Also excluded are all federal, state and local government entities; and any judge, justice or judicial officer presiding over this action and the members of their immediate families and judicial staff.

*Numerosity*

44.     Plaintiff does not know the exact size of the Class, since this information is in the exclusive control of Defendant. Plaintiff believes, however, that based on Defendant's assertions, the Class encompasses at least tens of thousands of individuals whose identities can be readily ascertained from Defendant's records. Accordingly, the members of the Class are so numerous that joinder of all such persons is impracticable.

*Ascertainability*

45.     The Class is ascertainable because its members can be readily identified using data and information kept by Defendant in the usual course of business. Plaintiff anticipates providing appropriate notice to each Class member, in compliance with all applicable federal rules.

*Typicality*

46.     Plaintiffs are typical and adequate class representatives. Their claims are typical of the claims of the Class and do not conflict with the interests of any other members of the Class. Plaintiffs and the other members of the Class were subject to the same or similar deceptive marketing and advertising practices.  Further, Plaintiffs and members of the Class sustained substantially the same injuries and damages arising out of Defendant's conduct, including overpayment for the Product. Plaintiffs will fairly and adequately protect the interests of all Class members. Plaintiffs have retained competent and experienced class action attorneys to represent her interests and those of the Class.

***Commonality and Predominance***

47.     Questions of law and fact are common to the Class and predominate over any questions affecting only individual Class members, and a class action will generate common answers to questions that drive the resolution of this case.  For example, the following questions:

- Whether Defendant's activities related to the representations and omissions, marketing, and sale of the Products constitutes false or misleading advertising;

- Whether Defendant's activities related to representations and omissions, marketing and sale of the Products constitutes unfair, unlawful and/or fraudulent business practices;

- Whether Defendant's representations, concealments, and non-disclosures concerning the Products are material;

- The nature and extent of damages and other remedies to which the wrongful conduct of Defendant entitles the Class members;

- Whether Defendant's representations, concealments and non-disclosures concerning the Products violate the state consumer protection statutes alleged herein;

- Whether Defendant made the representations alleged above, and whether those representations were false;

- Whether the Class is entitled to injunctive relief prohibiting the challenged wrongful practices and enjoining such practices in the future;

- Whether the Class is entitled to damages, and in what amount(s);

- Whether the Class is entitled to restitution, and in what amount(s);

- Whether Plaintiffs and the Class are entitled to attorneys' fees and expenses, and in what amount(s).

- The extent of class-wide injury and the measure of damages for those injuries.

- Whether, and to what extent, equitable relief should be imposed on Defendant to prevent them from continuing their unlawful practices.

***Superiority***

48.     A class action is superior to all other available methods for resolving this controversy because:  i) the prosecution of separate actions by Class members will create a risk of adjudications with respect to individual Class members that will, as a practical matter, be dispositive of the interests of the other Class members not parties to this action, or substantially impair or impede their ability to protect their interests; ii) the prosecution of separate actions by Class members will create a risk of inconsistent or varying adjudications with respect to individual Class members, which will establish incompatible standards for Defendants' conduct; iii) Defendants have acted or refused to act on grounds generally applicable to all Class members; and iv) questions of law and fact common to the Class  predominate over any questions affecting only individual Class members.

49.     Further, the following issues are appropriately resolved on a classwide basis under Fed. R. Civ. P. 23(c)(4):

- Whether Defendant's conduct constitutes unfair, unlawful and/or fraudulent practices prohibited by the laws of California;

- Whether Defendant was unjustly enriched as a result of its conduct;

- Whether Class members have been injured by Defendant's conduct;

- Whether any or all applicable limitations periods are tolled by Defendant's acts;

- Whether, and to what extent, equitable relief should be imposed on Defendant to prevent it from continuing its unlawful practices; and

- The extent of class-wide injury and the measure of damages for those injuries.

50.    Accordingly, this action likely presents no difficulties in management that would preclude maintenance as a class action and satisfies the requirements set forth under Fed. R. Civ. P. 23(a), 23(b), and 23(c)(4).

VI.    **Claims**

**Count One**

**Violation of the Consumers Legal Remedies Act, Civil Code §§ 17500, *et seq.***

51.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

52.    At all times relevant herein, there was in full force and effect the Consumers Legal Remedies Act, California Civil Code §§ 1750, et seq. (the "Consumers Legal Remedies Act") and similar deceptive practice acts in other states. Plaintiff are consumers as defined by Civil Code § 1761(d). The Products are goods within the meaning of Civil Code § 1761(a).

53.    Defendant violated and continues to violate the Consumers Legal Remedies Act by engaging in the following practices proscribed by § 1770(a), in transactions with Plaintiffs and the Class which were intended to result in, and did result in, the sale of the Products:

a)  Advertising that the Products are good for the liver when they are not;

b)  Representing that the Products have characteristics, uses or benefits which they do not have;

c)  Representing that the Products are of a particular standard, quality or grade when they are of another;

d)  Advertising the Products with intent not to sell them as advertised;

e)  Representing that the Products have been supplied in accordance with a previous representation when they are not;

f)  Engaging in conduct that creates a likelihood of confusion or misunderstanding.

54.    The Defendant's representations amount to false and/or deceptive acts or practices in violation of the Consumers Legal Remedies Act.

55.    Defendant's actions described herein similarly violated the consumer protection statutes in effect in every state in which Defendant or their affiliates do business.

56.    Defendant violated the Consumers Legal Remedies Act, and similar provisions in the Consumers Legal Remedies Acts of other jurisdictions within the United States, by making the

representations, claims and nondisclosures for the Products, as described herein, when it knew, or should have known, that the representations and advertisements were incomplete, false and misleading.

57.     Plaintiffs and other members of the Class relied upon the Defendant's material misrepresentations as to the quality and attributes of the Products.

58.     Plaintiffs and other members of the Class were likely to be deceived by Defendant's representations about the quality and attributes of the Products, including but not limited to the purported ability of the Products to promote healthy liver functioning.

59.     Plaintiffs and other Class members would not have purchased the Product had they known Defendant's claims were misleading, unfounded or untrue, and the true nature of the Products, causing them injury in fact in the form of the lost purchase price for the Product.

60.     Pursuant to section 1782 et seq. of the Consumers Legal Remedies Act, Plaintiffs notified Defendant in writing by certified mail of the particular violations of § 1770 of the Act as to the Product and demanded that Defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of its intent to so act. Defendant's wrongful business practices regarding the Product constituted, and constitute, a continuing course of conduct in violation of the Consumers Legal Remedies Act since Defendant is still representing that the Product have  characteristics, uses, benefits, and abilities which are false and misleading, and have injured and continue to injure Plaintiffs and the Class. Plaintiffs' original notice and demand letter to Defendant was dated August 11, 2023, and Defendant responded by letter on August 25, 2023. To date, Defendant has refused to rectify the problems detailed herein.

61.     Pursuant to California Civil Code § 1780(a), Plaintiff and the Class seek an order of this Court enjoining the Defendant from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law; awarding Plaintiffs and the Class restitution and disgorgement; and awarding Plaintiffs and the Class damages and punitive damages, and attorney's fees and costs.

### **Count Two**

### **Violation of Unfair Competition Law (UCL), Bus. & Prof. Code § 17200, *et seq.***

62.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

63.     Business & Professions Code Section 17200 prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." For the reasons discussed above, Defendant has engaged in "unlawful" business acts or practices by, among other things, making misrepresentations and omissions of material facts, as set forth more fully above, and violating, among other statutes, Civil Code §§ 1572, 1573, 1709, 1710, 1711, 1770, Business & Professions Code § 17500, et seq., Health & Safety Code § 109875, et seq., and the common law.

64.     The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant as alleged herein constitute "unlawful" business acts and practices in that Defendant's conduct violates the False Advertising Law, the Consumer Legal Remedies Act, and the Sherman Law. Defendant's deceptive statements with regards to their Products described herein violate 21 U.S.C. § 343(a), which deems food (including nutritional supplements) misbranded when the label contains a statement that is "false or misleading in any particular"; and Defendant's conduct is further "unlawful" because it violates the California Sherman Law, see Cal. Health & Safety Code § 109875-111915 (specifically, §§ 110095, 110100, 110105, 110110, 110111, 110115, 110422 et seq., 110660 et seq.), which incorporates the identical provisions of the FDCA.

65.     Defendant's actions described herein similarly violated the consumer protection statutes and statutes prohibiting unfair, unlawful or deceptive business acts or practices in effect in every state in which Defendant or their affiliates do business, and the common law of those states.

66.     Plaintiffs and the Class reserve the right to allege other violations of law which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

67.     Defendant's acts, omissions, misrepresentations, practices and non- disclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of Business & Professions Code Section 17200, et seq., and similar statutory provisions in other jurisdictions within the United States, in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous because the gravity of the conduct outweighs any alleged benefits attributable to such conduct. Plaintiffs allege violations of consumer protection, unfair competition and truth in advertising laws resulting in harm to consumers. Plaintiffs assert violations of the public policy of engaging in false and misleading advertising, unfair competition and deceptive

conduct towards consumers. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

68.     Defendant's claims, nondisclosures and misleading statements, as more fully set forth above, were also false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code Section 17200 as to "fraudulent" conduct, and similar provisions protecting consumers in other jurisdictions within the United States. Defendant's labeling, website and other advertisements, as described herein, were false, deceptive, and/or likely to deceive a reasonable consumer because Defendant is marketing teas as if they promoted healthy liver functioning when, in reality, the Product contains ingredients that harm the liver, and/or because Defendant's omitted material information from the Product's advertising as described herein, such that if Plaintiffs and members of the Class had known those material facts, they would not have purchased the Products.

69.     Plaintiffs and the Class were exposed to Defendant's advertising as alleged herein.

70.     Defendant's conduct caused and continues to cause substantial injury to Plaintiffs and members of the Class. Plaintiffs suffered injury in fact as a result of Defendant's unfair conduct, in the form of the lost purchase price of the Product, which they purchased after being exposed to Defendant's advertising statements, as described herein.

71.     Defendant's conduct caused and continues to cause substantial injury to Plaintiffs and the other members of the Class. Plaintiffs and the Class continue to be exposed to Defendant's false and/or misleading advertising every time they shop for dietary supplements and encounter Defendant's false or deceptive advertising on store shelves. Defendant's competitors will also continue to suffer from Defendant's unfair or deceptive business conduct if injunctive relief is not afforded.

72.     Defendant has thus engaged in unlawful, unfair and fraudulent business acts and practices and false advertising, entitling Plaintiffs and the Class to injunctive relief against Defendant, as set forth in the Prayer for Relief.

73.     Pursuant to Business & Professions Code Section 17203, Plaintiffs and the  Class seek an order requiring Defendant to immediately cease such acts of unlawful, unfair and fraudulent business practices and requiring Defendant to engage in a corrective advertising campaign.

74. Plaintiffs and the Class members are likely to be damaged by Defendant's deceptive trade practices, as Defendant continues to disseminate misleading advertising and engage in conduct that violates the UCL. Thus, injunctive relief enjoining this deceptive practice is proper.

75. Plaintiffs and the Class also seek an order for the disgorgement and restitution of all monies from the sale of Defendant's Products, which were unjustly acquired through acts of unlawful, unfair, and/or fraudulent competition.

**Count Three**

**Violation of Bus. & Prof. Code 17500, *et seq.* (False Advertising Law)**

76. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

77. Plaintiffs have standing to pursue this claim as Plaintiffs suffered injury in fact as a result of Defendant's actions as set forth herein. Specifically, prior to the filing of this action, Plaintiffs purchased the Product in reliance upon Defendant's marketing claims. Plaintiffs used the Product as directed, but the Product did not work as advertised, nor provide any of the promised benefits.

78. Defendant's business practices as alleged herein constitute unfair, deceptive, untrue, and misleading advertising pursuant to California Business and Professions Code section 17500, et seq. because Defendant has advertised their Products in a manner that is untrue and misleading, or that Defendant knew was untrue or misleading, or omitted material information from their advertising which Defendant had a duty to disclose.

79. Defendant's wrongful business practices have caused injury to Plaintiffs and the Class, in the form of the lost purchase price of the Products. Plaintiffs and the Class purchased the Products after being exposed to Defendant's false or deceptive advertising claims, as described herein.

80. Defendant's conduct caused and continues to cause substantial injury to Plaintiffs and the other members of the Class. Plaintiffs and the Class continue to be exposed to Defendant's false and/or misleading advertising every time they shop for dietary supplements and encounter Defendant's false or deceptive advertising on store shelves. Defendant's competitors will also continue to suffer from Defendant's unfair or deceptive business conduct if injunctive relief is not afforded.

81. Pursuant to section 17535 of the California Business and Professions Code, Plaintiffs and the Class seek an order of this Court enjoining Defendant from continuing to engage in deceptive

business practices, false advertising, and any other act prohibited by law, including those set forth in this Complaint.

82.     Plaintiffs and the Class also seek an order for the disgorgement and restitution of all monies from the sale of Defendant's Products, which were unjustly acquired through acts of unlawful, unfair, and/or fraudulent competition.

## Count Four

### Breach of Express Warranty

83.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

84.     On the Products' labels (see Paragraphs 17-18, 22), Defendant expressly warranted that the Products were effective, proper, and safe for their intended use. Defendant made affirmations of fact or promises, or description of goods, which were "part of the basis of the bargain," in that Plaintiffs and the Class purchased the Products in reasonable reliance on the Products' labeling statements. Cal. Com. Code §2313(1). Specifically, Defendant asserted the Product contained ingredients that "help support the healthy function of the liver," which constituted an express warranty.

85.     Defendant breached the express warranties with Plaintiffs and the Class by not selling the Products that provided the benefits described above, and that breach actually and proximately caused injury in the form of the lost purchase price for the Products.

86.     As a result of Defendant's breach of their warranties, Plaintiffs and the Class have been damaged in the amount of the purchase price of the Products they purchased.

## Count Five

### Breach of Implied Warranty of Merchantability

87.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

88.     Defendant, in its sale, marketing and promotion of its Products, and the acts and omissions as set forth herein, made representations to Plaintiffs and the Class in the form of statements and representations on the Products' labels. See Paragraphs 17-18, 22. Specifically, Defendant asserted Product contained ingredients that "help support the healthy function of the liver," which constituted an express warranty.

89.     Plaintiffs and the Class purchased the Products manufactured, advertised and sold by Defendant.

90.     Defendant is a merchant with respect to the goods of this kind which were sold to Plaintiffs and the Class, and there was in the sale to Plaintiffs and other consumers an implied warranty that those goods were merchantable.

91.     However, Defendant breached that warranty implied in the sale of goods, in that the Products did not provide the purported benefits, as set forth in detail herein.

92.     As a result of Defendant's conduct, Plaintiffs and the Class did not receive goods as impliedly warranted by Defendant to be merchantable in that they did not conform to the promises and affirmations made on the container or label of the goods.

93.     Plaintiff and Class have sustained damages as a proximate result of the foregoing breach of implied warranty in an amount to be determined at trial.

## VII.    Prayer for Relief.

94.     Plaintiffs seek the following relief on behalf of themselves and the Class:

- An order certifying the asserted claims, or issues raised, as a class action;
- An order appointing Plaintiffs as Class representatives, and designating Anapol Weiss as Class Counsel;
- A judgment in favor of Plaintiffs and the Class on the claims and issues raised;
- Restitution, disgorgement, and other just equitable relief;
- An order granting all appropriate injunctive relief;
- Compensatory damages, the exact amount of which is to be determined at trial;
- An award of punitive damages and enhanced damages as allowed by statute;
- Pre and post judgment interest, costs, reasonable attorneys' fees, costs, and expenses; and
- All such other relief as the Court deems appropriate.

## VIII.   Jury Demand

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: October 23, 2024                    Respectfully submitted,

**ANAPOL WEISS**

By: */s/William L. Smith*

- 18 -

William L. Smith
Cal. State Bar No. 324235
6060 Center Drive, 10th Floor
Los Angeles, CA 90045
Telephone: (202) 780-3014
Email: wsmith@anapolweiss.com

Richard M. Golomb, Esquire *(PHV forthcoming)*
Kevin W. Fay, Esquire *(PHV forthcoming)*
D. Patrick Huyett, Esquire (*PHV forthcoming*)
ANAPOL WEISS
One Logan Square
130 N. 18th Street, #1600
Philadelphia, PA 19103
Phone: (215) 985-9177
Fax:    (215) 985-4169
Email: rgolomb@anapolweiss.com
Email: kfay@anapolweiss.com
Email: phuyett@anapolweiss.com

*Counsel for Plaintiffs and Proposed Class*